# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6468 | **DATE** | DEC 12 2001 |
| **CASE TITLE** | | *Erickson v. Schomig* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner Paul Erickson has filed a cross-appeal and a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). As the court finds that Edens has failed to make a substantial showing of the denial of a constitutional right, his motion for a certificate of appealability [34-1] is denied. The clerk is directed to forward a copy of this order to the Seventh Circuit. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 13 2001 | |
| | Notified counsel by telephone. | | date docketed | 89 |
| | Docketing to mail notices. | | cm | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING 01 DEC 12 PM 4:40 | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 1 3 2001

| | | |
|---|---|---|
| UNITED STATES ex rel.<br>PAUL S. ERICKSON, N33213,<br>    Petitioner,<br><br>    v.<br><br>JAMES M. SCHOMIG, Warden of the<br>Pontiac Correctional Center,<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 99 C 6468 |

## MEMORANDUM AND ORDER

The court previously granted petitioner Paul Erickson's petition for a writ of habeas corpus as to one ground relating to his sentencing. *See U.S. ex rel. Erickson v. Schomig*, 162 F. Supp. 2d 1020 (N.D. Ill. 2001). The parties have both appealed, and Erickson's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is before the court. For the following reasons, his application is denied.

### Discusssion

Erickson seeks permission to raise the following issues on appeal:

1. The sentencing court's allegedly improper admonishment regarding Illinois' one-juror rule and Erickson's waiver of a jury at sentencing (Count I);

2. The State's failure to disclose material impeachment evidence concerning Harold Matthews' credibility (Count II);

3. The denial of Erickson's right to a competent mental health examination for sentencing purposes, based on the trial court's denial of Erickson's request for a continuance to obtain a qualified a mental health professional to testify at sentencing (Count IV); and

4. Cumulative ineffectiveness of trial and appellate counsel (Count III(F)).

"In order to issue a certificate of appealability '[w]here a district court has rejected [a habeas petitioner's] constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Rittenhouse v. Battles*, 263 F.3d 689, 693 (7th Cir. 2001), *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(3) (a certificate of appealability may only issue if the applicant has made a substantial showing of the denial of a constitutional right).

The court presumes familiarity with its opinion addressing the merits of Erickson's habeas petition. As more fully discussed in that opinion, Erickson has failed to establish that the state court's decision regarding the waiver of a sentencing jury "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In his application for a certificate of appealability, Erickson concedes that he has not met this standard but claims that he is nevertheless entitled to relief because the state court unreasonably extended or refused to extend a legal principle from Supreme Court precedent – *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), *Brady v. United States*, 397 U.S. 742, 748 (1970), and *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 277-78 (1942) – to a new context. Because these cases do not support Erickson's one juror rule claim, the court finds that Erickson has failed to make a substantial showing of the denial of a constitutional right as to this issue.

Erickson's request for a certificate of appealability regarding the State's failure to disclose additional impeachment evidence concerning Harold Matthews' credibility is also unavailing. This claim is defaulted. A certificate of appealability may issue as to a defaulted

claim where the applicant shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Erickson's claim based on Matthews is meritless, *see U.S. ex rel. Erickson v. Schomig*, 162 F. Supp. 2d at 1052-54, and reasonable jurists would agree that Erickson's excuses for not presenting his claim to the state courts do not excuse his procedural default. On a related note, Erickson's request for a certificate of appealability as to the denial of his motions for a stay and discovery must be denied because these requests do not center on questions of constitutional law and, in any event, as discussed in the court's prior opinion, the evidence sought by Erickson would not have affected his sentence.

The court next turns to Erickson's contention that the court should issue a certificate of appealability based on his claim that the trial court improperly denied his request for a continuance to obtain a qualified a mental health professional to testify at sentencing. Erickson argues that the trial court's refusal to grant a continuance is both an unreasonable application of clearly established federal law, pointing to *Ake v. Oklahoma*, 470 U.S. 68 (1985), and an unreasonable determination of the facts in light of the evidence, 28 U.S.C. § 2254(d)(2). With respect to the denials of Erickson's motion for a continuance, the Illinois Supreme Court held that :

> defendant's position is without merit. First, defendant had the advantage of a four-week continuance, granted at his request, during which to prepare his case in mitigation. He clearly had ample time to seek out additional experts to testify when the sentencing hearing reconvened. He did not avail himself of this opportunity. Thus, any surprise occasioned by the court's refusal to qualify Dr. Weliczko as an expert is diminished by defendant's failure to use the four-week continuance to bolster his case in mitigation. Moreover, the court expressly

-3-

indicated that it accepted and would weigh both Dr. Weliczko's testimony and report. On this record, we conclude that the court did not abuse its discretion in refusing to grant a continuance.

*People v. Erickson*, 117 Ill.2d 271, 301-2 (Ill. 1987) (state direct appeal) (*"Erickson I"*).

With respect to Erickson's *Ake* argument, the Illinois Supreme Court held that:

*Ake* dealt with the State's obligation to bear the expense of providing an indigent defendant with the assistance of a psychiatrist when issues of sanity or mental health are relevant to the case. In *Ake*, the trial court refused the indigent defendant's request for a court appointed psychiatrist to evaluate his sanity at the time of the offense. Nothing in *Ake* suggests that the State must verify the credentials of a mitigation witness who was selected by the defendant. Accordingly, *Ake* has no application here.

*People v. Erickson*, 183 Ill.2d 213, 233 (Ill. 1998) (second state post-conviction appeal) (*"Erickson III"*).

In support of his claim that the denial of his motion for a continuance supports the granting of habeas relief because it constitutes an abuse of discretion, Erickson cites to *United States v. Soldavila-Lopez*, 17 F.3d 480, 487 (1st Cir. 1994). This case is inapposite because it is not a habeas case, and this court must review the state court's decision through the lens of 28 U.S.C. § 2254. In any event, *Soldavila-Lopez* does not help Erickson. That case involved a district court's denial of a continuance when the defendant was surprised by the testimony of a court-appointed psychiatrist. The court held that, under *Ake*, the defendant would be prejudiced because he would be "unable, without the continuance, to present witnesses of his own choosing that might have responded" to the court-appointed psychiatrist's testimony. *Soldevila-Lopez*, 17 F.3d at 489. Here, however, Erickson hired Weliczko. The problems with Weliczko outlined in the court's prior order thus do not trigger *Ake*.

In addition, in *Ake* itself, the Supreme Court held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." 470 U.S. at 83. Because Ake was indigent and the State presented evidence regarding his future dangerousness, the Supreme Court concluded that the State had to provide Ake with a psychiatrist. *Id.* at 86-7.

Here, however, as the Illinois Supreme Court observed, *Ake* only requires the State to provide a defendant with a mental health expert if the defendant is indigent. *Erickson III*, 183 Ill.2d at 233. It does not create a constitutional right to a free, competent expert for a non-indigent defendant who paid for his own incompetent mental health witness. In addition, "[n]othing in *Ake* suggests that the State must verify the credentials of a mitigation witness who was selected by the defendant." *Erickson III*, 183 Ill.2d at 233.

Finally, the court notes that the fact that the State presented testimony from Dr. Bogen did not require the State to provide Erickson with an expert under *Ake*. Dr. Bogen's evaluation was expressly limited to Erickson's fitness for trial and sanity at the time of Launer's death, and did not address the statutory mitigating factors of extreme mental or emotional distress. Notwithstanding the fact that Erickson was not indigent, Dr. Bogen's testimony thus did not trigger an obligation for the State to provide an expert to testify about the statutory mitigating factors.

Accordingly, this is not a case where "the state court identifie[d] the correct governing legal principle from the United State Supreme Court's decisions but unreasonably applie[d] the

principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 1495, 1523 (2000). The Illinois Supreme Court got the controlling Supreme Court law right, and its conclusions are neither contrary to, nor involve an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Accordingly, Erickson's request for a certificate of appealability regarding the denial of his motion for a continuance is denied.

Finally, the court considers Erickson's claim that the cumulative effect of his trial and appellate counsel's alleged deficiencies entitles him to relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, Erickson claims that, "among other failures and omissions – including but not limited to the Weliczko debacle – counsel groundlessly conceded Mr. Erickson's eligibility for the death penalty; failed to investigate and present certain readily available mitigating evidence; and lead counsel literally skipped closing argument at sentencing." He also asserts that the merits of each ineffective assistance claim individually has no bearing on his cumulative ineffectiveness claim.

A petitioner can establish ineffective assistance of counsel by showing that "the cumulative effect of counsel's individual acts or omissions was substantial enough to meet *Strickland*'s test." *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir. 1995). The Illinois Supreme Court found that Erickson's cumulative ineffectiveness argument failed to meet the *Strickland* standard. *Erickson III*, 183 Ill.2d at 230-31. For the following reasons, this conclusion is not contrary to, or an unreasonable application of, *Strickland*.

First, the only ineffective assistance claim that satisfied *Strickland* was Erickson's Weliczko claim. Counsel did not concede Erickson's eligibility for the death penalty because counsel objected to the introduction of the jury's guilty verdict and "advanced the theory that

during the guilt phase the jury had concluded that Thomas Fairweather killed the victim and found [Erickson] guilty as an accomplice." *Erickson III*, 183 Ill.2d at 231-32.

The proffered additional mitigating evidence was an affidavit from Erickson's brother stating that he thought that Fairweather killed Launer and affidavits from Erickson's former teachers expressing shock at his conviction in light of their contacts with him. In light of the other evidence presented at sentencing, it is clear that Erickson's brother's affidavit would not have changed anything.

Moreover, it was entirely reasonable for Erickson's counsel not to introduce the teacher's affidavits during sentencing. An opinion that Erickson was previously well-adjusted is at odds with his defense that his home life was abnormal and that he suffered from mental problems. It was within the range of professionally competent assistance not to present evidence at odds with the defense's theory, so the failure to seek out this particular unhelpful evidence cannot have been prejudicial.

Finally, Erickson's claim regarding closing arguments is procedurally defaulted and, therefore, cannot form a basis for relief. This claim is based on the fact that Erickson's lead trial counsel, Glenn Seiden, failed to appear and present a closing argument at sentencing and left his other lawyer, Seymour Vishney, to do so. According to Erickson, Vishey was only minimally involved with his case and his lack of knowledge and preparation made him deliver a closing argument at sentencing which violated Erickson's constitutional rights.

This claim could have been raised prior to Erickson's second state post-conviction petition because, to the extent that Erickson wished to support this claim with additional evidence, Erickson could have done so in his first state post-conviction petition and then pursued

-7-

this claim up to the Illinois Supreme Court. And if Erickson's claim was that the closing argument itself was, on its face, deficient, this claim could have been raised on direct appeal. Accordingly, this claim is procedurally barred.

Alternatively, even if Erickson could have raised this claim for the first time in his second state post-conviction petition, he is still not out of the procedural default woods. To see why, we turn to Erickson's filings in his second post-conviction proceedings. In his petition, under the heading "Trial Counsel's Performance at Sentencing" and the sub-heading "Facts Supporting Grounds for Relief," Erickson states:

> 81. Erickson's trial counsel failed to appear as scheduled to deliver the closing argument at sentencing
>
> 82. Seiden was scheduled to deliver the closing argument at the sentencing hearing.
>
> 83. Seiden, however, failed to appear to the courthouse at the appointed time of closing argument. Seiden abandoned his client, quite literally, at a moment of life or death.
>
> 84. As a result, Vishney – who later acknowledged having only a minimal role in the case – was forced to give the closing argument without any preparation whatsoever, which the record makes clear.

The only other reference to this claim is in Erickson's reply brief, where he states that "Vishney gave a disjointed and plainly ill-prepared closing argument containing no theory of mitigation."

The absence of any argument and discussion of authority means that Erickson has failed to assert the necessary factual and constitutional basis for his claims. In any event, even if Vishney had to give an extemporaneous closing argument, it does not automatically follow that his argument did not satisfy the constitutional minimum. In addition, Erickson does not allege facts showing that Vishney's closing was constitutionally ineffective. Instead, he simply avers

that Vishney was unprepared and that, if Seiden had presented the closing argument, he would not have been sentenced to death. This type of conclusory argument is not enough to show that Erickson is entitled to relief. In addition, the record does not show that Vishney was, as Erickson suggests, completely out of the loop during the sentencing proceedings, as Vishney cross-examined several witnesses presented in aggravation at sentencing.

We also note that Erickson presented his claim relating to Vishney within the context of claiming that his appellate counsel was ineffective because he failed to argue that trial counsel was ineffective. Couching the Vishney claim as a stand-alone argument and providing supporting authority would have gone a long way towards alerting the Illinois Supreme Court of this claim, and its federal constitutional basis.

Accordingly, the court concludes that Erickson failed to fully and fairly present this claim to the Illinois Supreme Court and that the claim is, therefore, procedurally defaulted. The court further finds that jurists of reason would not find this procedural ruling debatable in that this claim is clearly defaulted, and that Vishney's closing argument, in any event, did not prejudice Erickson because, for the reasons noted above, it was within the range of constitutionally effective assistance.

The court also concludes that Erickson's ineffective assistance claims, taken individually and as a whole, fail to satisfy *Strickland*. It is not contrary to, or an unreasonable application of, *Strickland* to find that aggregating Erickson's individual, unsuccessful ineffective assistance claims fails to create a separate, successful ineffective assistance claim. In other words, the whole here is not greater than the sum of its parts. In this case, the actions of Erickson's counsel were not so egregious that, when weighed and considered cumulatively, they led to a "breakdown

in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687. The court, therefore, declines to issue a certificate of appealability as to this issue.

### Conclusion

For the above-stated reasons, Erickson's application fo r a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied.

DATE: DEC 12 2001

Blanche M. Manning
United States District Judge

99cv6468.ca